OPINION OF THE COURT
RENDELL, Circuit Judge.
Plaintiff Robert Baer claims that he is entitled to compensation for suggestions and advice that he gave to defendant Robert Chase on a project that ultimately became the television series The Sopranos. We first heard this case in 2004, after the District Court had granted Chase summary judgment on all of Baer’s claims. We affirmed in part, but reversed and remanded the order as to Baer’s quantum meruit, or quasi-contract, claim. On remand, the District Court again granted summary judgment in Chase’s favor. Baer now appeals. Because we conclude that the District Court misconstrued our 2004 opinion, we will reverse, grant summary judgment to Baer on the narrow issue before us, and remand.
I.
The District Court originally concluded that Baer’s quasi-contract claim was time-barred. Baer v. Chase, No. 02-CV-2334, 2004 WL 350050, at *9 (D.N.J. Feb. 20, 2004). Baer filed his complaint on May 15, 2002. Id. at *1. The parties agreed that, under New Jersey law, a six-year statute of limitations applied, and that Baer’s “quasi-contract claim accrued, if at all, when his final services were rendered.” Id. at *9. Baer testified in a deposition that all of his services were rendered by the end of October 1995. In a later certification accompanying his opposition to Chase’s motion for summary judgment, however, Baer claimed that his deposition testimony was “mistaken,” and that the last service that he rendered was a letter, dated February 10, 1997, offering Chase feedback on a draft Sopranos script.[1] Id. *263 The District Court declined to consider Baer’s certification because it conflicted with sworn testimony, and was thus a “sham affidavit.” See id. at *9 (citing Martin v. Merrell Dow Pharms., Inc., 851 F.2d 703, 705-06 (3d Cir.1988) (holding that a district court may disregard a subsequent affidavit where the changed testimony regards subject of “considerable importance” and is “the subject of repeated questioning”)). It accordingly concluded that Baer’s services were last rendered as of October 1995, and granted summary-judgment to Chase. Baer, 2004 WL 350050, at *9.
On appeal, we disagreed with the District Court’s refusal to consider the February 10, 1997 letter, believing that the situation was distinguishable from that presented in Martin, and held that the District Court “should have analyzed the letter and the circumstances surrounding it and Baer’s certification when ruling on the summary judgment motion on the statute of limitations issue.” Baer v. Chase, 392 F.3d 609, 626 (3d Cir.2004). We reversed the grant of summary judgment on this claim, and remanded “the question of whether Baer presented a timely and otherwise valid quasi-contract claim.” Id.
Along the way, however, we provided additional commentary on the parties’ arguments and instructions to the District Court in two footnotes.[2] In footnote 5, we addressed Chase’s alternative arguments. Chase argued that the letter could not be considered a compensable service as a matter of law because it “had no value” to him; according to Chase, “it contained only cursory observations and laudatory phrases about his work.” Id. at n. 5. We disagreed, and cautioned the District Court not to view the letter in isolation in analyzing whether it was the “last service rendered” for statute of limitations purposes:
Chase premises his argument on the assumption that in analyzing the statute of limitations for quantum meruit purposes we should dissect the last service rendered to deem if it provided value to the opposing party.
We will not affirm the summary judgment on that basis. First, Baer’s letter describes the aspects of the screenplay that he believes were successful, the parts to which he related personally, and what humor worked, and provided encouragement to continue with the project.... We will not write these contributions off, as Chase attempts to do, as “empty flattery.”
Additionally, we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered. The exchange of ideas and services should not be viewed as incremental, segregable interactions that we can assess individually for purposes of the statute of limitations. A separate issue would arise if a litigant sent a correspondence or rendered a “sham service” in an attempt to avoid the statute. That situation, however, does not describe the circumstances before us. We will not engage in Chase’s request to judge whether the February letter, taken in isolation, was a “compensable service.” We are satisfied that Baer sent the letter and Chase received it, and thus at least at this time it will serve as the “last service rendered” for purposes of the statute of limitations calculus.
Id. (emphasis added).
In footnote 6, we declined to order the District Court to enter summary judgment *264 on the timeliness issue in Baer’s favor. We noted that Baer had not moved for summary judgment in the District Court, and explained our ruling as follows:
[W]e go no further with respect to the statute of limitations issue than to hold that the district court should not have disregarded Baer’s certification and it should have considered the February 10, 1997 letter. Therefore our analysis in supra note 5, will not preclude the district court on a fuller examination of the facts from coming to a conclusion contrary to ours as we write on the point merely for the limited purpose of addressing Chase’s argument that we should affirm the summary judgment on a different basis than that of the district court.
Id. at n. 6.
On remand, the District Court concluded that we had instructed it to reconsider the timeliness of Baer’s claim, although it noted that the footnotes in our opinion had “confused the matter.” Baer v. Chase, No. Civ. A. 02-2334, 2005 WL 1106487, at *4 (D.N.J. Apr.29, 2005). In addressing this issue, the District Court found that the “basic question to be answered” was “whether the February 10, 1997 letter amounts to a rendition of services.” Id. at *8. The Court analyzed the contents of the letter and found that it did not amount to a “service” because it did not “confer a benefit” to Chase. Id. at *9. Accordingly, it once again concluded that Baer’s cause of action accrued no later than October 1995, and that it was time-barred. The District Court again granted summary judgment in Chase’s favor. Id.
II.
We believe that the District Court misunderstood our last opinion. While we remanded “the question of whether Baer presented a timely and otherwise valid quasi-contract claim,” Baer, 392 F.3d at 626, we did so with a clear admonition that the District Court was not to consider the value of the letter in isolation.[3] On remand, however, it did just that. The District Court focused solely on whether the February 10, 1997 letter itself provided something of value, rather than considering whether there was some factual basis for concluding that it should not constitute the last service rendered. This approach distorts the statute of limitations analysis. Although a service must confer value to be compensable under a quantum meruit theory, examining the benefit conferred by the last act tests the merits of the claim, not the date that the cause of action accrued for purposes of the statute of limitations. The issue for statute of limitations purposes is when the last service-regardless of its value—was rendered or performed in good faith.[4]
In footnote 5 of our last opinion, we examined and rejected Chase’s argument that the letter was not a “service” as a matter of law. Id. at n. 5. In footnote 6, we stated that our analysis in footnote 5 would “not preclude the district court on a fuller examination of the facts from coming to a conclusion contrary to ours.” Id. at n. 6 (emphasis added). By this we left open the possibility that different facts might come to light demonstrating that the letter was not a service rendered. We *265 simply made it possible for the District Court to consider facts or alternative theories that were not before us.[5]
Having reviewed the record, however, we conclude that the parties did not adduce any new facts on remand that would undermine the view that February 10, 1997 was the date of the last service rendered by Baer. The three new certifications that Chase introduced did little more than establish a timeline of events surrounding Chase’s receipt of Baer’s letter. See App. 1225-56. These events speak only to the value or usefulness of the letter to Chase, not to its status as part of the services rendered.[6] As we noted in our last opinion, “we will not dissect each interaction between litigants to quantify the precise value of each correspondence or service rendered.” Baer, 392 F.3d at 626 n. 5. Examining Baer’s course of conduct as a whole, we see no reason why the February 10, 1997 letter should not be considered the last step taken in the services that he rendered. Thus, we once again conclude that the February 10, 1997 letter was the “last service rendered” for purposes of the statute of limitations, and that Baer’s quasi-contract claim was timely.
III.
In light of the foregoing, we will reverse the District Court’s order granting summary judgment to Chase, direct the Court to enter summary judgment in favor of Baer on the statute of limitations issue, and remand for further proceedings consistent with this opinion.

. Chase had sent the draft script to Baer for comments fourteen months earlier, in December 1995. Baer's letter was fourteen paragraphs long, with seven paragraphs devoted to commentary on Chase’s draft script. Baer offered mostly positive feedback, commending Chase for " ‘transform[ing] an innovative idea into a marvelous screenplay.’ ” Baer v. Chase, No. Civ. A. 02-2334, 2005 WL 1106487, at *8 (D.N.J. Apr.29, 2005) (quoting Baer’s February 10, 1997 letter). He discussed various aspects of the draft script, including the narrative device, the characters, the dialogue between "Tommy Soprano” and "Melfi” and the alliance between Soprano’s mother and uncle. Baer expressed some initial reservations, but ultimately concluded that the script was well done and praised Chase for his efforts. Id. The remaining paragraphs of the letter described events in Baer's life over the fourteen months since he and Chase had last communicated, mentioned a script that Baer was planning to send Chase for critique, and noted Baer’s hope that he and Chase might meet up for a meal if Baer returned to Los Angeles. Id. at *7.

. We note at the outset that our dissenting colleague disagrees as to the meaning and import of these footnotes, and we recognize that reasonable minds could easily do so.

. The dissent takes us to task for assuming that our reference to "we” in footnote 5 was a directive to the District Court. The footnote did convey our view of how the letter should be analyzed, but we would expect our view to be heeded on remand.

. The dissent contends that the "measure” of a service is whether it confers "value.” We agree; value is the measure for purposes of proving a prima facie claim. However, value is not determinative of whether, or when, a service was rendered, and therefore has no place in the analysis of when a claim accrued for purposes of the statute of limitations.

. We allowed that "a separate issue would arise” if Chase had produced evidence on remand that Baer had sent the letter "in an attempt to avoid the statute.” Baer, 392 F.3d at 626 n. 5. For example, Chase might have shown that he had specifically told Baer not to respond to the script, but that Baer wrote the 1997 letter anyway to bring his claim within the statute of limitations. Under such circumstances, the District Court could have granted summary judgment to Chase in keeping with our opinion.

. In connection with its assessment of the potential usefulness of the letter to Chase, the District Court concluded that the letter arrived "too late.” However, the evidence establishes that the letter arrived just as Chase was re-working his script to submit it to HBO.